IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00776-ZLW-MEH

LARRY WILLIAM HARPER,

    Plaintiff,

vs.

INTEGRAL INSTITUTE, INC.,

    Defendant.

_____

**ORDER ON MOTION FOR ORDER OF PRESERVATION
OF ELECTRONIC INFORMATION**
_____

Defendant has filed a Motion for Order of Preservation of Electronic Information (Docket #28) ("Motion to Preserve").  The matter is briefed, and oral argument would not materially assist the Court in adjudicating it.  Although Defendant did not confer with Plaintiff prior to filing the motion, Plaintiff confesses Defendant's entitlement to the requested relief in Plaintiff's Response and, therefore, Defendant's Motion to Preserve will be **granted** as noted below.

The Court agrees with the positions of the parties, *i.e.*, all potential relevant, electronically stored information should be preserved.  This includes documents on a main frame computer, an individual P.C., a server, a laptop computer, or any other device (cell phone, Blackberry, Palm Pilot, etc.) on which data may be stored electronically, and other materials such as videotape or audiotape.  Such records include records and files stored on any office computer, laptop computer, home computer, telephone or cell phone voicemail, and any other personal storage device. They also include emails, attachments to emails and documents and files created in other computer applications such as Word, Excel, Power Point and Access; calendars, contact information, task lists, notes, and

entries (in addition to email) contained in Outlook and other similar devices.

The parties are directed to preserve all such records which may have any relevance to this lawsuit.  The parties may not destroy or delete any such records, even if, in the normal course of business or practice, the parties would normally do so.  The parties are directed to preserve any hard drive or lap top in their possession and must not alter, delete, expunge, purge, or destroy any information on such computers.

Emails subject to this Order include emails that the parties, their representatives, employees, and agents have sent, received, or on which they were copied (even if the parties believe that identical copies may exist on the computers of other individuals); emails the parties have "deleted," but which have not been deleted from the "Deleted Items" folder in Microsoft Outlook or a similar program; and emails that are stored on any backup tapes, hard drives, CDs or other storage media. In order to preserve such records that now exist in the Deleted Items folder and those placed there in the future, the parties are ordered to configure their computers so that they do not automatically delete items in the "Deleted Items" folder when any user exits Outlook.

Accordingly, Defendant's Motion for Order of Preservation of Electronic Information [Filed August 4, 2006; Docket #28) is **granted** as directed herein.

Dated at Denver, Colorado, this 23rd day of August, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge